UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WESLEY SPRATT,          :
      Petitioner  :
                        :
vs.                     :   C.A. No. 03-390-S
                        :
A.T. WALL,              :
      Respondent  :

**ORDER**

Wesley Spratt has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the above-captioned matter. Before the Court are four motions filed by Spratt requesting the undersigned, as the newly assigned Judge on this case, to review various filings and exhibits in connection with his motion to vacate.[1] For the reasons that follow, those motions are denied.

Background

In his petition, Spratt asserts a number of claims challenging his conviction in Rhode Island state court for first-degree murder, robbery and firearms offenses. The petition has previously been determined to include unexhausted claims as well as exhausted

---

[1] The motions in question are: (1) Motion for the Newly Assigned Justice the Hon. William E. Smith to Review the Petitioners 2003 Objection to the Magistrate Report and Recommendation; (2) Motion for the Newly Assigned Justice William Smith to Review the 2003 Private Investigators [sic] Report from Case in Point Inc.; (3) Motion for Newly Assigned Justice the Hon. William E. Smith to Review November 13, 2003 Phone Con[f]er[e]nce; and (4) Motion for Newly Assigned Justice William Smith to Review the Supplemental Rhode Island Supreme Court Case Law Document on Brady Violations. All four motions have been docketed together as document number 38 and are collectively referred to herein as "motions to review."

claims. In March 2005, this Court (Torres, J.) adopting the report and recommendation of Magistrate Judge David L. Martin ("Report and Recommendation"), ordered that the petition be stayed pending Spratt's return to state court to exhaust his state remedies as to the unexhausted claims in his petition. See this case, Order dated March 1, 2005 (Doc. #14) at *7.

Judge Torres further ordered that the stay be conditioned upon Spratt initiating post conviction proceedings in state court "within 30 days of the Order and diligently pursuing it to a conclusion" and then "returning to this Court, prepared to pursue his §2254 petition, within 30 days" after the completion of state post conviction proceedings. Id. The Order further provided that if either condition was not satisfied, the stay would be vacated *nunc pro tunc* as of the original date of the order "and Spratt's § 2254 petition will be subject to dismissal with prejudice." Id.[2] In response to that Order, Spratt initiated proceedings in the Rhode Island Superior Court seeking post-conviction relief, and those proceedings currently remain pending.

In September 2008, Spratt filed a Motion for Hearing, seeking to pursue the exhausted claims in his § 2254 petition that had been stayed in this Court, notwithstanding the continued pendency of his application for post conviction relief in state court. After

---

[2] Spratt's interlocutory appeal of this Order was denied by the Court of Appeals. See Spratt v. A.T. Wall, Dkt. No. 05-1426, Judgment (1st Cir. Apr. 4, 2006).

hearing on October 30, 2008, Judge Torres denied the motion, finding that the lengthy period of time that the state post conviction proceedings had been pending was attributable to Spratt's dilatory actions rather than to unreasonable delays by the State. See Order dated November 4, 2008. Thus, Spratt's § 2254 petition remained stayed in this Court pending the completion of those state post conviction proceedings on his unexhausted claims. Thereafter, the instant matter was transferred to the undersigned.

On February 3, 2009, Spratt filed the four motions to review currently before the Court.

## Discussion

In his motions to review, Spratt seeks to have this Court review the following record items: his Objections to the Report and Recommendation; a private investigator report that was apparently filed in this Court in 2003; tapes of a telephone conference conducted by Magistrate Judge Martin on November 13, 2003 with the parties; and a supplemental filing by Spratt concerning alleged Brady violations. The State has filed oppositions to each of the motions.

These motions represent a clear attempt by Spratt to have this Court address the merits of the unexhausted claims in Spratt's §2254 petition, notwithstanding the November 4, 2008 Order and the fact that his application for post conviction relief remains pending in state court. This Court will not engage in such a

review at this time. To do so would only result in piecemeal litigation. See Duncan v. Walker, 533 U.S. 167, 180 (2001) (referring to design of exhaustion requirement to reduce piecemeal litigation). Moreover, as noted above, the Report and Recommendation that Spratt requests the undersigned to review has already been reviewed and adopted by Judge Torres, and that ruling will not be disturbed.

Accordingly, all four motions to review are DENIED. Further, Spratt's § 2254 petition continues to be stayed, pending the completion of the pending state post conviction proceedings and Spratt's return to this Court to resume action on his § 2254 habeas petition. Spratt is reminded that no further action on his petition will occur in this Court until his state court post conviction proceedings have been completed and Spratt has promptly returned to this Court, in accordance with this Court's March 1, 2005 Order, a copy of which is attached hereto.

IT IS SO ORDERED:

/s/ William E. Smith
William E. Smith
United States District Judge
Date: 3/19/09